UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL ELECTRIC
CAPITAL CORPORATION,
a Delaware corporation,

    Plaintiff,

v.

Case No. 10-11868

Hon. John Corbett O'Meara

JOHN CARLO, INC., a Michigan
corporation, JOSEPH E. CATENACCI,
individually, a resident and citizen
of Michigan, and CARLO J.
CATENACCI, a resident and citizen of Michigan,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff's amended motion for summary judgment, filed July 6, 2010. Defendants filed response briefs on July 27, 2010; Plaintiff submitted a reply on August 10. Defendant John Carlo, Inc., requested leave to file a sur-reply on August 24. The court heard oral argument on August 26, 2010, and took the matter under advisement.

## BACKGROUND FACTS

General Electric Capital Corporation ("GE Capital") loaned Defendant John Carlo, Inc., money to purchase construction equipment on several occasions from 2004 to 2006. GE Capital perfected a security interest in that equipment. The parties entered into a Forbearance Agreement on June 29, 2009, which consolidated the loans into one promissory note. Defendants Joseph Catenacci and Carlo Catenacci executed guarantees of the loan.

Defendant John Carlo, Inc. has defaulted on the loan and owes Plaintiff approximately

$1,000,000. The court has already granted a preliminary injunction allowing Plaintiff to repossess the collateral equipment. Plaintiff now requests that the court reduce its claim to a judgment. Although they do not dispute liability, Defendants object for two primary reasons: (1) they claim that the parties contractually agreed to bring any suit for legal (as opposed to equitable) relief in Connecticut and New York; and (2) they claim that it is premature to allow Plaintiff to obtain a judgment when it has not yet disposed of the collateral.

## LAW AND ANALYSIS

### I.   Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II.   Forum Selection Clause

The parties entered into several agreements, some of which contain a forum selection clause. On May 25, 2004, Plaintiff and John Carlo, Inc., entered into a Master Security Agreement and a Promissory Note ("First Schedule"), neither of which contain a forum selection clause. The parties executed a second Promissory Note ("Second Schedule") on June 24, 2005, and a third Promissory Note ("Third Schedule") on August 16, 2005, neither of which contain a

forum selection clause.[1] On December 14, 2005; May 10, 2006; and June 30, 2006, the parties entered into three more promissory notes (the "Fifth, Sixth, and Seventh Schedules"), each of which contain a forum selection clause. The clause states:

> Maker [John Carlo Inc.] irrevocably submits to the exclusive jurisdiction of the state and federal courts located in the state of Connecticut to hear and determine any suit, action or proceeding and to settle any disputes, which may arise out of or in connection herewith and with the debt documents (collectively, the "proceedings"), and maker further irrevocably waives any right it may have to remove any such proceedings from any such court (even if removal is sought to another of the above-named courts). Maker irrevocably waives any objection which it might now or hereafter have to the above-named courts being nominated as the exclusive forum to hear and determine any such proceedings and agrees not to claim that it is not personally subject to the jurisdiction of the above-named courts for any reason whatsoever. . . . Maker acknowledges that bringing any such suit, action or proceeding in any court other than the courts set forth above will cause irreparable harm to payee [GE Capital] which could not adequately be compensated by monetary damages, and, as such, maker agrees that, in addition to any of the remedies to which payee may be entitled at law or in equity, payee will be entitled to an injunction or injunctions . . . to enjoin the prosecution of any such proceedings in any other court. Notwithstanding the foregoing, each of Maker and Payee shall have the right to apply to a court of competent jurisdiction in the United States of America or abroad for equitable relief as it is necessary to preserve, protect and enforce its respective rights under this Note and any other Debt Document. . . .

See Fifth, Sixth, and Seventh Schedules, attached to the Complaint as Exs. E, F, and G (capitalization altered from original).[2] These agreements also state that "This Note and the other Debt Documents constitute the entire agreement of the Maker and Payee with respect to the subject matter hereof and supersede all prior understandings, agreements and representations,

---

[1] Joseph E. Catenacci and Carlo J. Catenacci executed Individual Guaranties dated June 24, 2005; August 16, 2005; and December 14, 2005; these documents do not contain forum selection clauses.

[2] On June 29, 2009, Joseph E. Catenacci and Carlo J. Catenacci executed an Amended and Restated Guaranty which contained a virtually identical forum selection clause, except that the chosen forum was New York instead of Connecticut.

express or implied." Id.  The parties entered into a subsequent Forbearance Agreement, on June 29, 2009.  The Forbearance Agreement does not contain a forum selection clause, but states that the "Loan Documents remain in full force and effect, subject to the terms of this Agreement, and except as modified herein."  Forbearance Agreement at ¶ 7.  Because the Forbearance Agreement is silent with respect to the selection of a forum, the most recent Loan Documents (the Fifth, Sixth, and Seventh Schedules) control.

John Carlo, Inc., and the Catenaccis argue that the above language shows the parties' intent to litigate in Connecticut and New York, respectively.  GE Capital argues that the language only prevents *Defendants* from objecting to Connecticut or New York as a forum, but does not constrain *GE Capital's* choice of forum.  The court agrees.  The language of the forum selection clause requires Defendants to submit to the jurisdiction of Connecticut and New York, but does not bind GE Capital to those fora exclusively.  Clearly, the one-sided forum selection clause was drafted for the benefit of GE Capital, not Defendants, who are citizens of Michigan.  The court does not discern, and Defendants have not articulated, any reason why they should wish to litigate this matter in separate cases in Connecticut and New York, rather than in one case in their "home" forum.  Moreover, Defendants have not filed a motion to dismiss or transfer based upon the forum selection clause.  The court will retain jurisdiction.

### III.     Entry of Judgment before Collateral Is Sold

Defendants argue that the entry of judgment is premature, because GE Capital has recovered the collateral, but not yet sold it.  Defendants suggest that entering a judgment before GE Capital has disposed of the collateral in a commercially reasonable manner would amount to a double recovery.  GE Capital contends that the Uniform Commercial Code and the Security

Agreement provide that it may reduce its claim to judgment and foreclose upon the equipment simultaneously.

The Security Agreement provides that "[a]fter default, Secured Party [GE Capital] shall have all of the rights and remedies of a Secured Party under the Uniform Commercial Code, and under any other applicable law." Compl. at Ex A, ¶ 7(c). The Security Agreement further provides that, upon default, GE Capital has the right to sell, lease, or otherwise dispose of the collateral. Id. at ¶ 7(c)(iii), (iv). The Agreement also expressly states that GE Capital's "rights and remedies under this Agreement or otherwise arising are cumulative and may be exercise singularly or *concurrently*." Id. at ¶ 7(f) (emphasis added).

The UCC contains similar language.[3] Section 9-601 provides a secured party's remedies in the event of a default. Under section 9-601(a), a "secured party: (1) May reduce a claim to judgment, foreclose or otherwise enforce the claim [or] security interest . . . by any available judicial procedure. . . ." Conn. Gen. Stat. § 42a-9-601(a). Section 9-601(c) provides that "[t]he rights under subsections (a) and (b) are *cumulative* and, except as may otherwise be prohibited under other law in a consumer transaction, *may be exercised simultaneously*." Conn. Gen. Stat. § 42a-9-601(c) (emphasis added); see also id. at cmt. 5.

The statutory and contractual language is clear. Plaintiff may foreclose upon the collateral (which it has) and seek a judgment simultaneously, as long as it is acting in good faith. See, e.g., Highland Capital Corp. v. Western Foot & Ankle Center, Inc., 2009 WL 315727 (D. N.J. Feb. 9, 2009); General Elec. Cap. Corp. v. JLT Aircraft Holding Corp., 2009 WL 5169532

---

[3] The parties agree that Connecticut law applies.

(D. Minn. Dec. 18, 2009).[4]  When Plaintiff disposes of the collateral, it must credit the amount received against the amount of the judgment.  Defendants are further protected in that the UCC requires the collateral to be disposed of in a "commercially reasonable" manner. Conn. Gen. Stat. § 42a-9-610(b).  Should Defendants wish to contest whether the collateral was sold in a commercially reasonable manner, they may seek relief from judgment pursuant to Fed. R. Civ. P. 60(b) at the appropriate time.

## IV.     **Attorney Fees**

Defendants do not contest that, under the parties' agreements, they are liable for Plaintiff's attorney fees in the event of a default.  Defendants do argue that Plaintiff's attorney fees in the amount of $41,167.17 is excessive, based upon the number of people working on the file and the flat rate of $300 per hour.  Plaintiff's counsel documented their fee request with affidavits and billing records, a review of which does not reveal an unreasonable amount of time billed.  Defendants do not specifically challenge any particular billing entry.  In the court's experience, both the hourly rate charged and the hours billed are reasonable for the nature of the case and the work required, particularly in light of Defendants' decision to contest the recovery of the equipment and the entry of a judgment.

---

[4] Defendants cite Center Capital Corp. v. Eagle Jet Aviation, 2010 WL 2541724 (D. Nev. June 17, 2010) for the proposition that Plaintiff may not exercise its remedies simultaneously. The court in Center Capital did not, however, consider the plain language of UCC § 9-601(c).

**<u>ORDER</u>**

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED.

Plaintiff shall submit a proposed judgment within seven (7) days.

s/John Corbett O'Meara<br>United States District Judge

Date: October 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 5, 2010, using the ECF system.

s/William Barkholz<br>Case Manager